16-3432-cv
Okocha v. Berryhill

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> PIERRE N. LEVAL,
> REENA RAGGI,
>    *Circuit Judges.*

_____

BASIL OKOCHA,

>    *Plaintiff-Appellant,*

v.                                                    16-3432

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,[1]
>    *Defendant-Appellee.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Commissioner Nancy A. Berryhill is automatically substituted for former Commissioner Carolyn Colvin as Defendant.

FOR PLAINTIFF-APPELLANT:     BASIL OKOCHA, pro se, Bronx, NY.

FOR DEFENDANT-APPELLEE:      JOHN E. GURA, JR. (Christopher
                             Connolly, *on the brief*),
                             Assistant United States Attorney,
                             *for* Joon H. Kim, Acting United
                             States Attorney for the Southern
                             District of New York, New York,
                             NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cott, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Basil Okocha, pro se, sought review of a final decision of the Commissioner of Social Security ("Commissioner") determining that Okocha was no longer entitled to Supplemental Security Income ("SSI") benefits based on his immigration status. The magistrate judge determined that substantial evidence supported the decision of the administrative law judge ("ALJ"), and granted the Commissioner's motion for judgment on the pleadings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's judgment on the pleadings. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). When the judgment upholds a benefits determination by the Commissioner, the Court conducts a de novo review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Id.* (internal quotation marks omitted). The substantial evidence standard means that "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (internal quotation marks omitted).

2

Non-citizens face certain restrictions when applying for federal public benefits, including SSI. Generally, "qualified aliens," including permanent residents and political asylees, are not eligible for SSI. 8 U.S.C. §§ 1612(a)(1), (a)(3)(A); *see* 8 U.S.C. § 1641(b) (defining "qualified alien"). However, aliens who are granted political asylum are eligible for benefits for the limited period of seven years after that date. 8 U.S.C. § 1612(a)(2)(A)(ii). They enjoy an extra two years of benefits under the SSI Extension for Elderly and Disabled Refugees Act of 2008, Pub L. No. 110-328. *Id.*, § 1612(a)(2)(M)(i)(I)-(II). Okocha did not challenge the ALJ's conclusion that he obtained political asylum in February 2002.[2] Accordingly, Okocha was eligible for SSI until 2011, nine years after the grant of asylum. Thus, barring any exception, the Commissioner did not erroneously remove Okocha's SSI benefits in March 2011.

Notwithstanding his arguments to the contrary, Okocha fits none of the exceptions under § 1612(a)(2). Primarily, Okocha relies on § 1612(a)(2)(F)(i), which permits otherwise ineligible aliens to receive certain government benefits, such as SSI, if they resided in the United States on August 22, 1996 and are disabled or blind.[3] 8 U.S.C. § 1612(a)(2)(F)(i). Okocha did not arrive to the United States until 2001. He argues that his benefits should continue due to his receipt of food stamps. However, this is a misreading of § 1612(a)(2)(F)(ii). That section permits a qualified alien to receive food stamps if he "is receiving benefits or assistance for blindness or disability (within the meaning of section 3(j) of the Food Stamp Act of 1977[)]." 8 U.S.C. § 1612(a)(2)(F)(ii). Because the benefit at issue here is SSI,

---

[2] As Okocha admits, his challenge to the ALJ's decision consisted of arguing that his disability status exempted him from the general rule that permanent residents are ineligible for SSI. He never challenged the finding that he obtained asylum in February 2002.

[3] Okocha mistakenly cites 8 U.S.C. § 1612(F)(II), which does not exist. In context, it is clear that he is referring to § 1612(a)(2)(F)(i)-(ii).

§ 1612(a)(2)(F)(ii) is irrelevant.  Okocha also argues that the date restriction in § 1612(a)(2)(F)(i) applies only to Medicare applicants.  This too is incorrect.  Section 1612(a)(2)(F)(i) applies to SSI.  *See* 8 U.S.C. §§ 1612(a)(2)(F)(i), (a)(3)(A).

We have considered all of Okocha's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4